EILEEN M. DECKER
United States Attorney
SANDRA R. BROWN (SBN 157446)
Assistant United States Attorney
Chief, Tax Division
     300 North Los Angeles Street
     Federal Building, Room 7211
     Los Angeles, California 90012
     Telephone: (213) 894-5810
     Facsimile: (213) 894-0115
     E-mail: sandra.brown@usdoj.gov
CHRISTOPHER S. STRAUSS (LA Bar No. 28770)
Trial Attorney
ELLEN M. QUATTRUCCI
Trial Attorney (DC Bar No. 462103)
Tax Division, Western Criminal Enforcement Section
United States Department of Justice
     601 D. St. NW, Room 7022
     Washington, D.C. 20004
     Telephone: (202) 514-5762
     Facsimile: (202) 514-9623
     E-mail:  Christopher.S.Strauss@usdoj.gov
           Ellen.M.Quattrucci@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>BARUCH FOGEL,<br><br>       Defendant. | No. CR 14-691-TJH<br><br>GOVERNMENT'S (a) CONCURRENCE IN PSR'S FINDINGS AND SENTENCING RECOMMENDATION; AND (b) MOTION PURSUANT TO U.S.S.G. § 5K1.1<br><br>Sentencing<br>Date: August 3, 2015<br>Time: 10:00 a.m. |

The Government hereby respectfully concurs with the findings in the Pre-Sentence Investigation Report ("PSR"), the PSR's recitation

1    of the relevant facts, and agrees with the advisory Sentencing

2    Guidelines range calculated in the PSR.  The government further

3    submits its Sentencing Position and Motion for Downward Departure

4    Pursuant to U.S.S.G. § 5K1.1 as to defendant Baruch Fogel.[1]

5    **GOVERNMENT'S SENTENCING RECOMMENDATION**

6    The United States recommends that the Court, after calculating

7    the advisory Sentencing Guidelines range, which the parties and the

8    PSR agree results in an offense level 15 and a sentencing range of 18

9    to 24 months' imprisonment, grant the government's motion for a

10    downward departure of four (4) levels, pursuant to U.S.S.G. § 5K1.1.

11    The government's recommended reduction results in an advisory

12    Sentencing Guidelines range of 8 to 14 months' imprisonment.  The

13    government recommends that a sentence of 8 months' imprisonment, the

14    low end of the adjusted advisory Sentencing Guidelines range,

15    adequately reflects the seriousness of the offense, promotes

16    deterrence, and reduces unwarranted sentencing disparities.  Such

17    sentence is sufficient, but not too harsh, so as to appropriately

18    address the factors delineated in 18 U.S.C. § 3553(a), including but

19    not limited to the express policy that a sentence for tax crimes

20    address the need to both punish taxpayer fraud and foster voluntary

21    compliance by U.S. taxpayers.

22    The government further recommends as follows:

23    SUPERVISED RELEASE: After the period of imprisonment, the

24    defendant shall be placed on supervised release for a term of one (1)

25    year under the following terms and conditions:

---

[1] The government's recommendation as to term of imprisonment, term of supervised release, and fine differ from the recommendation of U.S. Probation.

1.  The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Orders as ordered by the Court;

2.  The defendant shall truthfully and timely file tax returns and pay all taxes due during the period of supervised release. Further, the defendant shall show proof to the Probation Officer of compliance with this order; and

3.  The defendant shall cooperate in the collection of a DNA sample from the defendant.

FINE: The defendant shall pay to the United States a total fine of $40,000, which is due immediately to the Clerk of the Court.

SPECIAL ASSESSMENT: The defendant shall pay to the United States a special assessment fee of $100, which is due immediately to the Clerk of the Court.

RESTITUTION and FBAR PENALTY:  As noted in the PSR, defendant agreed to pay restitution of $196,382 to the Internal Revenue Service and pay a penalty of $4,247,893.50 to the United States Treasury to resolve his civil liability for failing to report his foreign account.  PSR ¶¶ 6, 7. Defendant has remitted payments for both restitution and the FBAR penalty.  However, in order that the Internal Revenue Service may assess and correctly credit those amounts to defendant pursuant to applicable procedures, the government requests that the following orders be included in this Court's judgment:

/ / /

(a)   The defendant shall make restitution to the Internal Revenue Service in the total amount of $196,382 which consists of the following amounts, all to be credited to the joint individual income tax of the defendant and his spouse for the following tax years:

| TAX YEAR | AMOUNT TO BE CREDITED TO TAX |
|----------|------------------------------|
| 2003 | $15,277.00 |
| 2004 | $46,512.00 |
| 2006 | $1,000 |
| 2007 | $82,667.00 |
| 2008 | $50,882.00 |
| 2009 | $44.00 |

(b)   The defendant shall pay $4,247,893.50 to the United States Treasury through the Department of Justice, which resolves the defendant's civil liability for failing to file Reports of Foreign Bank and Financial Accounts, Forms TD F 90-22.1 and other foreign information reporting obligations under the United States law for tax years 2003 through 2009.

The foregoing sentencing recommendation is based upon the attached Memorandum of Points and Authorities, the pleadings and records on file and any other evidence which may be adduced at the sentencing hearing of defendant.

Dated: July 20, 2015                    Respectfully submitted,

                                        EILEEN M. DECKER
                                        United States Attorney
                                        SANDRA R. BROWN
                                        Assistant United States Attorney
                                        Chief, Tax Division


                                        /s/   Christopher S. Strauss
                                        _____
                                        CHRISTOPHER S. STRAUSS
                                        Trial Attorneys
                                        United States Department of Justice
                                        Tax Division

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

4

# TABLE OF CONTENTS

I.    INTRODUCTION......................................................1

II.   SUMMARY OF SUBSTANTIAL COOPERATION............................3

III.  STATEMENT OF CASE.............................................7

      A.    Guilty Plea............................................7

      B.    Plea Agreement.........................................7

IV.   GOVERNMENT'S DEPARTURE RECOMMENDATION.........................8

V.    CONCLUSION....................................................9

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

I.   **INTRODUCTION**

3       Defendant entered a plea of guilty to one count of Willful

4  Failure to File Report of Foreign Bank and Financial Account TD F 90-

5  22.1 (an "FBAR") in violation of 31 U.S.C. §§ 5314 and 5322(a) and 31

6  C.F.R. §§ 1010.350(a), 1010.306(c), and 1010.306(d).  Defendant

7  failed to report his foreign financial account at Bank Leumi in

8  Luxembourg on an FBAR required to be filed with respect to such

9  account for calendar year 2009.  Pursuant to the plea agreement in

10  this case, the parties agree that the loss caused by defendant's

11  criminal conduct was more than $80,000 but less than $200,000.  The

12  parties also agree that defendant's offense involved sophisticated

13  means and that U.S.S.G. § 2T1.1 of the Sentencing Guidelines should

14  be applied to defendant's conduct.  Thus, after credit for acceptance

15  of responsibility, but prior to any consideration of a motion under

16  U.S.S.G. § 5K1.1., the parties agree that the total offense level in

17  this case is a level 15.  See Rec. Doc. No. 9, Plea Agreement ¶ 18.

18       Defendant was a client of United Revenue Service, Inc. ("URS")

19  and David Kalai.  On David Kalai's advice and with his assistance,

20  defendant opened foreign bank accounts at Bank Hapoalim in Luxembourg

21  and, subsequently, at Bank Leumi in Luxembourg.  Defendant opened a

22  personal account at Bank Leumi Luxembourg under the name "Terra" and

23  a corporate account under the name of Blairsden Ltd., a foreign

24  corporation that was established on David Kalai's advice.  Defendant

25  maintained his foreign financial accounts at Bank Leumi from at least

26  2003 until 2009.  The tax loss computed for purposes of determining

27  the advisory Sentencing Guidelines range is $196,382, which

28  represents tax due and owing on unreported income generated by the

1

Terra and Blairsden Ltd. accounts at Bank Leumi Luxembourg between 2003 and 2009.

The purpose for imposing an advisory guidelines sentence is two-fold in tax cases:

> Criminal tax prosecutions serve to punish the violator and promote respect for the tax laws. Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines.

U.S.S.G. § 2T1.1 *Introductory Commentary*, November 2014. This Sentencing Guidelines policy has been affirmed by the Ninth Circuit. See, United States v. Orlando, 553 F.3d 1235 (9th Cir. 2009)(affirming an upward variance in a tax evasion case because it found that the guideline range "failed to capture tax crimes particular sensitivity to deterrence"); United States v. Bragg, 582 F.3d 965 (9th Cir. 2009)(remanding to the district court a probationary sentence in a tax-crime case where the district court expressed doubt that deterrence works in tax cases and noting that "Congress, in enacting the law, and the Sentencing Commission, in prescribing prison for tax offenses, set out a policy").

Based upon the government's motion for a 4-level downward departure based upon defendant's substantial cooperation and assistance, the advisory Sentencing Guidelines range is 8 to 14 months' imprisonment. Consideration of the factors set forth in 18 U.S.C. § 3553(a) compel a finding that a sentence at the low end (8 months) would be appropriate in this case.

II.  **SUMMARY OF SUBSTANTIAL COOPERATION**

The government first learned of defendant when his name appeared on an "OFFSHORE CORPORATIONS" list and other documents that were seized from the offices of United Revenue Service, Inc. in March 2011.  At that time, David Kalai and Nadav Kalai were under investigation for assisting U.S. taxpayers with opening foreign bank accounts in the names of nominee offshore corporations to evade income taxes.  On June 14, 2012, an indictment was filed charging David Kalai and Nadav Kalai with conspiring to defraud the United States by marketing and implementing a scheme to use offshore bank accounts and nominee offshore corporations to conceal URS clients' assets and fraudulently reduce URS clients' income taxes.  In or about October 2012, defendant agreed to meet with the government regarding his participation in URS's offshore scheme and began cooperating with the government.

The government first made contact with defendant concerning his offshore accounts on December 11, 2011.  Defendant agreed to meet with the government in or about October 2012.  On October 23, 2012, defendant was interviewed with counsel present (Dennis Perez, Esq.) pursuant to a proffer agreement.  As set forth in the factual basis of defendant's plea agreement and defendant's testimony at trial, defendant identified David Kalai as the individual that suggested he open foreign bank accounts at Bank Hapoalim in Luxembourg and, subsequently, at Bank Leumi in Luxembourg.  Defendant was a long-time client of David Kalai's and has been able to provide the details of the conversations between him and David Kalai dating back to the late 1990's regarding how to open foreign bank accounts in a way that would conceal defendant's  association with the accounts, where to

3

open the accounts, how to use the accounts to create false business deductions, and ultimately how to close the foreign accounts in 2009 in a way designed to conceal from U.S. authorities that the account and funds in the account were defendant's.  Defendant has described how David Kalai introduced him to bankers from Bank Hapoalim and Bank Leumi, and how David Kalai facilitated and attended a meeting with a Bank Leumi executive in Beverly Hills.  The meeting in Beverly Hills was arranged by David Kalai in order to implement his scheme to create millions of dollars in false business expenses to fraudulently reduce Fogel's income tax.

Defendant has admitted his role in URS's offshore tax evasion scheme, explained documents that memorialized various steps of the scheme, and has not attempted to minimize his conduct or conceal information he thought the government did not know about.  For instance, defendant has admitted his participation in David Kalai's scheme to create $8 million in false business expenses in 2002 and 2003 by obtaining loans from Bank Leumi in the United States and transferring those loan proceeds to defendant's Bank Leumi account in Luxembourg held in the name of a Belizean corporation.

Additionally, defendant admitted in his plea agreement that in 2009, he repatriated the funds in his Bank Leumi Luxembourg accounts by following David Kalai's advice to create a false "gift" from a relative in order to conceal the character of the money transferred to the United States and avoid the detection of Fogel's unreported foreign accounts by the IRS.  Prior to defendant's first interview, the government was in possession of documents from the URS search warrant detailing the false gift; however, defendant admitted to the facts set forth in the factual basis of his plea agreement regarding

4

1   the false gift without having to be confronted with that evidence.

2   Based in part upon the strength of the information provided by

3   defendant, the government presented a superseding indictment in

4   October 2013 to include overt acts specific to defendant's offshore

5   transactions, tax returns and undeclared foreign accounts.

6       At the trial of David and Nadav Kalai, defendant was called to

7   testify.  Defendant testified that (a) David Kalai's offshore scheme

8   dated back to at least 1999; (b) David Kalai introduced him to Bank

9   Hapoalim and Bank Leumi bankers; (c) David Kalai implemented a scheme

10  in 2002 and 2003 to create $8 million in false business expenses; and

11  (d) David Kalai advised Fogel to repatriate his money to the U.S.

12  using the false gift scheme.  Defendant's trial testimony was

13  consistent with defendant's prior statements as set forth in

14  defendant's plea agreement, and it was corroborated by testimony of

15  URS employees, bank documents obtained from Bank Leumi Luxembourg and

16  Bank Leumi USA, documents seized from URS, and tax returns prepared

17  for defendant and his companies by URS.  For example, defendant's

18  testimony established the relevance of bank records pertaining to his

19  offshore corporation, Blairsden Ltd., and documents pertaining to the

20  Bank Leumi USA loans.  Defendant's testimony also established the

21  foundation on which the government introduced an email seized from

22  URS that was direct evidence of an agreement between co-conspirators

23  David Kalai, Nadav Kalai, and Robert Sandlin to establish a nominee

24  entity for Fogel.[2]  The corroboration of Dr. Fogel's testimony by

25

26  [2] Trial Exhibit 73, United States v David Kalai and Nadav Kalai, 11-
    CR-930(B)-TJH, is an email dated 8/15/03 from URS administrative
27  assistant Christine Laub to "belizelawyer@hotmail.com" and copied to
    Nadav Kalai and Robert Sandlin, which reads in pertinent part as
28  follows:

*(footnote cont'd on next page)*

other trial evidence, Dr. Fogel's forthright acceptance of his role in the scheme during his testimony, and his consistency with prior statements permitted the government to argue, and the jury to find, that defendant's testimony was credible.

In sum, defendant has cooperated with the government by being interviewed, authenticating documents relevant to transactions regarding his offshore bank account and offshore corporation, and testifying at the trial of David and Nadav Kalai.  In that regard, defendant provided important information relating to the offshore scheme promoted by David Kalai, his conversations with David Kalai regarding using the offshore structure to create $8 million in false business expenses, and the advice David Kalai gave him regarding how to repatriate the funds to conceal his association with the offshore assets.  The records admitted into evidence at trial from Bank Leumi Luxembourg established that David Kalai had referred customers to that bank.  Defendant's testimony was important because he was able to testify that not only did David Kalai advise Fogel to open foreign accounts at Bank Leumi Luxembourg, David Kalai accompanied him to a meeting with a Bank Leumi Beverly Hills banker in order to establish accounts at Bank Leumi USA which facilitated the fraud.  Defendant was the only URS client called to testify who had attended a meeting with David Kalai and Bank Leumi bankers.  Defendant's cooperation

---

This email is sent as a follow-up to Nadav Kalai's request for information regarding setting up a Belize Corporation. David Kalai would like you to be the nominee and requests the address for the corporation be your office in Belize City. The name we would like to use is Blairsden Ltd. We will need a Power of Attorney in the name of Baruch Fogel.

substantially assisted the government in presenting its case to the jury and obtaining convictions of David Kalai and Nadav Kalai.

III. **STATEMENT OF CASE**

    A. ***Guilty Plea***

    On February 2, 2015, defendant pleaded guilty to Count One of the Information in this case, charging him with Willful Failure to File Report of Foreign Bank and Financial Account TD F 90-22.1 (an "FBAR") in violation of 31 U.S.C. §§ 5314 and 5322(a) and 31 C.F.R. §§ 1010.350(a), 1010.306(c), and 1010.306(d)

    B. ***Plea Agreement***

    Defendant's guilty plea was entered pursuant to a Plea Agreement in which the parties stipulated to: (1) a base offense level of 16; (2) a two-level enhancement for sophisticated means; and, (3) a three-level decrease for acceptance of responsibility, resulting in a total offense level of 15.

    As a part of his plea agreement, defendant entered into a cooperation agreement with the Government.  Accordingly, the plea agreement provides that the government, in its sole discretion, may move the Court, pursuant to U.S.S.G. § 5K1.1, to impose a sentence below the advisory Sentencing Guidelines range determined prior to such a motion.  In the opinion of the government trial attorneys, defendant has cooperated and substantially assisted with the government's investigation and prosecution of David Kalai, URS and Nadav Kalai, as well as providing information relevant to other investigations.

    Based on defendant's substantial assistance, the Government requests a 4-level downward departure.  The government's recommendation is limited to a 4-level departure, and the government

objects to any additional variance pursuant to 18 U.S.C. § 3553(a),
because although defendant agreed to meet with the government, he did
not agree to meet with the government until approximately ten months
after the government's initial contact with him and after David Kalai
and Nadav Kalai were charged in an indictment with conspiring to
defraud the United States.  Additionally, defendant did not sign his
plea agreement until the eve of trial. Should the Court grant this
motion, the advisory Sentencing Guidelines offense level would be
Level 11, Zone B, with a corresponding imprisonment range of 8 to 14
months.

IV. **GOVERNMENT'S DEPARTURE RECOMMENDATION**

Section 5K1.1 of the Sentencing Guidelines provides in pertinent
part, as follows:

> Upon motion of the government stating that the defendant
> has provided substantial assistance in the investigation or
> prosecution of another person who has committed an offense,
> the court may depart from the guidelines . . . .

Application Note 3 to § 5K1.1 provides that "[s]ubstantial
weight should be given to the government's evaluation of the extent
of the defendant's assistance, particularly where the extent and
value of the assistance are difficult to ascertain."

Defendant provided statements, authenticated documents and
testified at the trial of David and Nadav Kalai. Defendant's
cooperation allowed the Government to save resources, strengthen its
case against the URS co-conspirators, and move other investigations
forward.  Defendant's cooperation with, and substantial assistance
to, law enforcement should be encouraged and recognized for its
value.  The timeliness of defendant's cooperation is also a factor
that is properly considered with respect to the government's

recommendation as to the extent of a departure pursuant to §
5K1.1(a)(5).  Accordingly, the government hereby respectfully
recommends a sentence at the low-end of the advisory Sentencing
Guidelines range based upon a 4-level departure and a resulting
offense level of 11.  The government believes that the recommended
sentence balances the seriousness of defendant's underlying criminal
conduct with the value of his cooperation and takes into
consideration the factors set forth under 18 U.S.C. § 3553(a).

Should the Court grant the Government's motion under § 5K1.1,
defendant's offense level will be 11 which corresponds to an
imprisonment range within Zone B of the sentencing table. Under the
advisory Sentencing Guidelines, a Zone B sentencing range may be
satisfied by imprisonment, a combination of imprisonment and
supervised release with conditions of confinement, or a term of
probation with conditions of confinement. U.S.S.G. § 5C1.1(c).  The
government recommends a sentence of imprisonment of 8 months.

V.   **CONCLUSION**

Based upon the above, the Government respectfully requests that
the Court exercise its discretion and reduce defendant's total
offense level by 4 levels for a Total Offense Level of 11.  The
Government respectfully recommends that defendant be sentenced to 8
months' imprisonment, which is the low-end of the adjusted advisory
Sentencing Guidelines range.  Additionally, as more fully set forth
above in the "Government's Sentencing Recommendation," the government
recommends that defendant be sentenced to pay a fine of $40,000, that
he be ordered to pay restitution and the FBAR penalty, and that he be
ordered to serve a one (1) year of supervised release pursuant to the

conditions set forth above and any other conditions based upon the recommendation of U.S. Probation that the Court deems appropriate.

Dated: July 20, 2015                    Respectfully submitted,

                                        EILEEN M. DECKER
                                        United States Attorney
                                        SANDRA R. BROWN
                                        Assistant United States Attorney
                                        Chief, Tax Division


                                        */s/ Christopher S. Strauss*
                                        CHRISTOPHER S. STRAUSS
                                        Trial Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA